# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CHELSEA SMITH**, on behalf of herself and all others similarly situated, | ) )  ) |
| **Plaintiff,** | ) CASE NO. ) ) **COLLECTIVE ACTION COMPLAINT** ) |
| vs. | ) **JURY DEMAND ENDORSED HEREON** ) |
| **EDDIE TANCREDI CULINARY, INC. d/b/a DISTILL TABLE**, | ) ) ) |
| **WESTERN RESERVE DISTILLERS, LLC**, | ) ) |
| **DISTILL TABLE LLC**,   - and – | ) ) |
| **EDDIE TANCREDI,** | ) ) |
| **Defendants.** | ) |

Plaintiff, Chelsea Smith ( "Plaintiff"), by and through counsel, for her Complaint against Defendants Eddie Tancredi Culinary, Inc. d/b/a Distill Table ("Defendant ETC"), Western Reserve Distillers LLC ("Defendant Western Reserve"), Distill Table LLC ("Defendant Distill"), and Eddie Tancredi ("Defendant Tancredi") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq*. ("OMFWSA"), and the Ohio Constitution, Oh. Const. Art. II, §34a (referred to collectively as the "Ohio Wage Laws"). The following allegations are based on personal knowledge of Plaintiff's own conduct and upon information and belief as to the conduct and acts of others, state and allege as follows:

1

## INTRODUCTION

1) This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Wage Laws; and concerns the underpayment of minimum wages to non-exempt employees.[1]

2) Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [herself] or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" employees who may join this case pursuant to §216(b) (the "Opt-Ins").

3) Plaintiff also brings this case as a collective action pursuant to O.R.C. §41114.14(K) to remedy violations of the Ohio Wage Laws for the non-payment of minimum wages on behalf of all similarly situated employees currently or previously employed by Defendants in Ohio within the three years preceding the filing of this Action.

## JURISDICTION AND VENUE

4) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

---

[1] Plaintiff reserves the right to amend complaint to add overtime claims should additional plaintiffs or discovery warrant such amendment.

## PARTIES

7) Plaintiff is an adult individual, residing in Cuyahoga County, Ohio who was jointly employed by Defendants from approximately August 2018 through November 2018.

8) Plaintiff' written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and O.R.C. § 41114.14(K) are attached as **Exhibit A**.

9) Defendant ETC is a for-profit Ohio corporation that is registered to conduct business in Ohio. Defendant ETC owns the trade name "Distill Table," which it permits Defendant Distill Table LLC to use. Defendant ETC can be served through its Statutory Agent, Edward Tancredi Jr., at 6706 Glenallen Ave., Solon OH 44139.

10) Defendant Western Reserve is a limited liability company. It is located at 14221 Madison Ave., Lakewood, OH 44107. Defendant Western Reserve can be served through its Statutory Agent, DFL Agent Inc, at 2077 East 4th Street, Second Floor, Cleveland OH 44115.

11) Defendant Distill Table is a limited liability company. It is located at 14221 Madison Ave., Lakewood, OH 44107. It can be served through its Statutory Agent, Edward Tancredi Jr., at 6706 Glenallen Ave., Solon OH 44139.

12) Defendant Tancredi is an adult individual who can be served at 6706 Glenallen Ave., Solon, OH 44139. He is the founder, owner, manager, and/or operator of the Defendants ETC, Western Reserve, and Distill Table.

## FACTUAL ALLEGATIONS

13) At all relevant times, Defendants are and have been individually and jointly in the operated a restaurant and distillery in the shared space located at 14221 Madison Ave., Lakewood, OH 44107.

14) Defendants form a single employer or a single integrated enterprise, performing related activities through unified operations or common control for a common business purpose.

15) Defendants jointly employed Plaintiff and those similarly situated as servers and other non-exempt workers who customarily receive tips.

16) Defendants jointly violated the FLSA and Ohio law by paying Plaintiff and those similarly situated less than the lawful minimum wage.

17) Defendants improperly took a "tip credit" while requiring Plaintiff and those similarly situated to share their tips with management, which is a violation of the FLSA and Ohio law.

18) At all relevant times, Plaintiff and those similarly situated were non-exempt employees of Defendants within the meaning of the FLSA and the Ohio Wage Laws.

19) At all relevant times, Defendants were individual and joint employers within the meaning of the FLSA and the Ohio Wage Laws.

20) Defendants' business arrangement permit the sharing of employee services, and Defendants in fact did share the services of Plaintiff and those similarly situated.

21) At all relevant times, Defendants, individually and collectively, comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

22) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

23) At all relevant times, Plaintiff and those similarly situated were not exempt from the protections of the FLSA or the Ohio Wage Laws.

24) At all relevant times, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated.

25) At all relevant times, Defendants shared the authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

26) At all relevant times, Defendants shared the authority to set rates and methods of compensation of Plaintiff and others similarly situated.

27) At all relevant times, Defendants shared the authority to control the work schedules and employment conditions of Plaintiff and others similarly situated.

28) At all relevant times, Defendants shared ultimate authority and control of employment records.

29) At all relevant times, Defendants mutually benefitted from the work performed by Plaintiff and others similarly situated.

30) At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

31) At all relevant times, Defendants shared or had the ability to share the services of Plaintiff and others similarly situated.

32) At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

33) As a matter of economic reality, Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and the Ohio Wage Laws.

34) In unlawfully requiring Plaintiff and those similarly situated to share tips with management and not paying Plaintiff and those similarly situated the lawful minimum wage,

Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and the Ohio Wage Laws.

35) The exact amount of unpaid minimum wages that Defendants failed to pay Plaintiff and others similarly situated is not yet known by Plaintiff, because most, if not all, records needed to make such calculations are within the possession or control of Defendants or were not kept by Defendants.

36) The FLSA and the Ohio Wage Laws require employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. To the extent Defendants failed to make, keep, and preserve records of all required and unpaid work performed; Plaintiff and other similarly situated employees are entitled to a reasonable estimate of such time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37) Plaintiff incorporate by reference the foregoing allegations as if fully rewritten herein.

38) Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

39) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current tipped employees of Defendants who were not paid the full minimum wage within three (3) years preceding the date of filing of this action through its final disposition (the "FLSA Collective").**

40) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

41) The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO COLLECTIVE ACTION ALLEGATIONS

42) Plaintiff incorporate by reference the foregoing allegations as if fully rewritten herein.

43) Plaintiff brings this action on her own behalf and on behalf of other similarly situated employees pursuant to O.R.C. § 4111.14(K) who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

44) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the Ohio collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current tipped employees of Defendants who were not paid the full minimum wage within three (3) years preceding the date of filing of this action through its final disposition (the "Ohio 4111.14(K) Collective").**

45) This action is maintainable as an "opt-in" collective action pursuant to O.R.C. §4111.14(K) as to claims for unpaid minimum wages, treble damages, attorneys' fees and costs under the Ohio Wage Laws. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

46) The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to O.R.C. § 41114.14(K), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the Ohio Wage Laws.

## COUNT ONE
**(Minimum Violations – FLSA Collective)**

47) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48) Defendants are individual and joint "employers" covered by the minimum wage requirements of the FLSA.

49) The FLSA requires that non-exempt employees be paid at least the lawful minimum wage for each hour worked in a workweek.

50) As employees of Defendants, Plaintiff and others similarly situated work or worked hours in a workweek in which they were not paid a minimum wage.

51) Defendants violated the FLSA by having a company-wide policy of requiring Plaintiff and others similarly situated to perform non-exempt work, by taking a tip-credit while

requiring Plaintiffs and those similarly situated to share tips with management, and by failing to pay them at a least a minimum wage for all hours worked in a workweek.

52) Plaintiff and others similarly situated were not exempt under the FLSA.

53) Defendants' practices and policies described herein violated the FLSA.

54) By not properly accounting for all tips earned by Plaintiff and those similarly situated, Defendants failed to keep records in accordance with the FLSA.

55) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

56) As a result of Defendants practices and policies, Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

57) Pursuant to the FLSA, Plaintiff are entitled to attorneys' fees and costs incurred.

## COUNT TWO
### (Ohio Minimum Wage Violations – Ohio 4111.14(K) Collective)

58) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59) Defendants are individual and joint "employers" covered by the minimum wage requirements of the Ohio Wage Laws.

60) The Ohio Wage Laws requires that non-exempt employees be paid at least the lawful minimum wage for each hour worked in a workweek.

61) As employees of Defendants, Plaintiff and others similarly situated work or worked hours in a workweek in which they were not paid a minimum wage.

62) Defendants violated the Ohio Wage Laws by having a company-wide policy of requiring Plaintiff and others similarly situated to perform non-exempt work, by taking a tip-credit

9

while requiring Plaintiffs and those similarly situated to share tips with management, and by failing to pay them at a least a minimum wage for all hours worked in a workweek.

63) Plaintiff and others similarly situated were not exempt under the Ohio Wage Laws.

64) Pursuant to the Ohio Wage Laws Plaintiff is entitled to wages dating back three (3) years.

65) By not properly accounting for all tips earned by Plaintiff and those similarly situated, Defendants failed to keep records in accordance with the Ohio Wage Laws.

66) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

67) As a result of Defendants' practices, Plaintiff and the Ohio 4111.14(K) Collective members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws; and because wages remain unpaid, damages continue.

68) Pursuant to the Ohio Revised Code, Plaintiff are entitled to attorneys' fees and costs incurred.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b) and O.R.C. § 4111.14(K); and direct that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B.     Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b) and O.R.C. §4111.14(K);

C.     Award Plaintiff, and the collectives she represents, actual damages for unpaid wages;

D.     Award Plaintiff, and the collectives she represents, liquidated damages under the FLSA equal in amount to the unpaid wages found due to Plaintiff and those similarly situated;

E.     Award Plaintiff, and the collectives she represents, treble damages under the Ohio Wage Laws;

F.     Award Plaintiff, and the collectives she represents, pre-judgment and post-judgment interest at the statutory rate;

G.     Award Plaintiff, and the collectives she represents, attorneys' fees, costs, and disbursements; and

H.     Award Plaintiff, and the collectives and classes they represent, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**Nilges Draher LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Christopher J. Lalak (0090079)
614 West Superior Ave., Ste. 1148
Cleveland, OH 44113

        Telephone:  (216) 230-2955
        Email:       clalak@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:  (330) 470-4428
Facsimile:  (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

       */s/ Robi J. Baishnab*
       Robi J. Baishnab (0086195)